**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

ROBERT L. ADGER, II, *et al.*,     )
                                       )
          Plaintiffs,        )
                                       )
     v.                    )     Civil Action No. 18-2048-GBW-SRF
                                       )
FORMER COMMISISONER ROBERT  )
COUPE, *et al.*,                )
                                       )
         Defendants.       )

## MEMORANDUM ORDER

At Wilmington this **14th** day of **April, 2026**, having reviewed and considered Plaintiffs' third motion to compel discovery and the associated filings, (D.I. 110, D.I. 115, D.I. 116, D.I. 117), IT IS ORDERED that the motion to compel is GRANTED-IN-PART for the following reasons.

**1. Background.** Plaintiffs are 107 former or current inmates at the James T. Vaughn Correctional Center ("JTVCC") and the Howard R. Young Correctional Institution ("HRYCI") in Delaware who brought this civil rights action on December 26, 2018, seeking remedies for injuries sustained during and following a prison uprising at JTVCC on February 1, 2017. (D.I. 109) Plaintiffs contend that they did not participate in the uprising but were nonetheless assaulted and threatened by members of the Correctional Emergency Response Team ("CERT") and/or employees of the Delaware Department of Corrections ("DDOC"). During the uprising, Plaintiffs allege that CERT members concealed their identities by wearing masks, removing name tags, and not documenting their actions. (D.I. 76-2 at 4) Following the uprising, Plaintiffs allege they were denied toiletries, adequate food, and medical care and were

subjected to excessive use of force by DDOC personnel. (*See, e.g.*, D.I. 109 at ¶¶ 22-23, 53; D.I. 89 at 1; D.I. 76-2 at 3-4)

2. Plaintiffs identify the following "Critical Dates" when the alleged abuse occurred at JTVCC and HRYCI: February 2, 4, 6, 7, 13, 14, 15, and 27, March 9, 22, 27, and 31, April 12, and September 3, 2017, and March 15 and 31, April 17, October 31, and November 6 and 7, 2018. (D.I. 110-2 at 1 n.1) The Critical Dates are not disputed. (D.I. 89 at 5 n.4; D.I. 116 at 2-3 & n.4)

3. Plaintiffs name 173 individuals as defendants in their Fourth Amended Complaint ("4AC"). (D.I. 109; D.I. 120-2) Among the named Defendants are about 40 members of the CERT teams identified by DDOC records for each Critical Date. (D.I. 109 at ¶ 7 & Ex. A)

4. The parties have engaged in some limited discovery. Plaintiffs have sought the production of time sheets, work schedules, and other records to ascertain the identities of masked corrections officers who worked at JTVCC and HRYCI on the Critical Dates and allegedly inflicted harm on Plaintiffs. (D.I. 89 at 8-9; *see also* D.I. 76-2 at 10) Pending before the court is Plaintiffs' third motion to compel discovery. [1] (D.I. 110)

5. Plaintiffs' first motion to compel discovery raised complaints about redacted material and Defendants' failure to associate produced documents with specific requests for production. (D.I. 89 at 9) Plaintiffs also alleged that Defendants produced documents for only four of the twenty-one asserted "Critical Dates" on which abuse allegedly occurred. (*Id.* at 5 n.4,

---

[1] A comprehensive description of the procedural history of this case is found in the court's Memorandum Opinion dated December 18, 2023, which describes Plaintiffs' attempts to succeed past the motion to dismiss stage. (D.I. 89 at 2-3) In an Order dated February 25, 2025, the court permitted Plaintiffs to file an amended pleading on or before May 1, 2025. (D.I. 107) Plaintiffs filed the 4AC on the court-imposed deadline. (D.I. 109) Plaintiffs subsequently filed a "corrected" 4AC on May 23, 2025. (D.I. 113) Plaintiffs did not seek leave of court to file the corrected pleading.

9) Citing the Third Circuit's suggestion to encourage the voluntary dismissal of certain parties and permit only limited discovery, the court granted limited discovery on "two very narrow issues: (1) the daily rosters for each Critical [D]ate to show who was working at [JTVCC] and [HRYCI] on those dates and in what capacity . . . and (2) the last known contact information for plaintiffs in this action that Plaintiffs' counsel cannot reach." (*Id.* at 8, 14) (citing *Adger v. Coupe*, 2022 WL 777196, at *4 (3d Cir. Mar. 14, 2022)). In response to the court's discovery ruling, Defendants produced 758 pages of daily rosters. (D.I. 104)

6. In their second motion to compel discovery, Plaintiffs challenged redactions and notations on the documents produced in response to the court's December 18, 2023 Memorandum Opinion. (*Id.*) The court confirmed that Plaintiffs should "receive the full and accurate names of the DOC employees who were present on the Critical Dates." (*Id.*) However, the court emphasized that "the rosters should help Plaintiffs narrow the potential Defendants by allowing Plaintiffs to dismiss Defendants from the case who were not working on any of the Critical [D]ates." (*Id.*) (internal quotations omitted). The court ordered Defendants to confirm the accuracy of the information provided by serving an affidavit to facilitate Plaintiffs' efforts "to narrow their case consistent with the Court's Memorandum Opinion and Order." (*Id.*)

7. In November of 2024, Defendants produced 1,337 pages of payroll records from JTVCC and HRYCI and an additional 803 pages of payroll records from Baylor Correctional Institution and Sussex Correctional Institution. (D.I. 107 at 2) Defendants clawed back the initial production to redact certain employee medical information and reproduced the same records with the redactions in January of 2025. (D.I. 106 at 6)

8. In a status report filed on February 14, 2025, Plaintiffs listed a series of questions for Defendants to clarify the productions made in November of 2024. (D.I. 106 at 2-3) On

3

February 25, 2025, the court issued an order compelling Defendants to answer Plaintiffs'
questions on or before March 30, 2025. (D.I. 107 at 4) Defendants identified 14 additional
individuals who were CERT members on February 1 and 2, 2017 and made a supplemental
production of four pages of 2017 CERT Activation Rosters from February 2, 6, 7, 13, 14, and 27,
and March 9, 2017. (D.I. 110-2 at 5-6) Plaintiffs followed up to request CERT or Quick
Response Team ("QRT") rosters for February 15, March 27, March 31, or April 12, 2017 and for
March 31, October 31, or November 6, 2018. (*Id.* at 7) Defendants responded that they had
produced all existing rosters. (*Id.*)

9. **Analysis**. Plaintiffs now move the court to compel Defendants to produce
discovery for the third time. (D.I. 110) Specifically, Plaintiffs request the production of the
CERT rosters for Critical Dates February 15, March 27, March 31, and April 12, 2017 and
March 31, October 31, and November 6 and 7, 2018 or, alternatively, an affidavit confirming
that no CERT rosters exist for a particular date or dates. (D.I. 110-13) Plaintiffs also request an
affidavit stating whether a QRT roster was prepared in advance of any of the Critical Dates, and
they seek the production of legible copies of all use of force reports and associated
administrative or investigative documents. (*Id.*) Finally, Plaintiffs request reasonable attorneys'
fees and costs associated with their third motion to compel discovery. (*Id.*)

10. Plaintiffs' motion to compel the production of CERT and/or QRT rosters is
GRANTED-IN-PART. Defendants represent that they located one more CERT roster from
April 12, 2017, and they intended to produce it at the time their responsive brief was filed on
June 9, 2025. (D.I. 116 at 5 n.8) Defendants further maintain that they have confirmed no
additional CERT or QRT rosters exist. (*Id.* at 3, 5) To assure compliance with the court's prior
order, (D.I. 104), on or before April 27, 2026, Defendants shall serve and file an affidavit by a

4

DDOC employee with the requisite knowledge confirming the representations made in Defendants' answering brief regarding the nonexistence of additional CERT or QRT rosters for February 15, March 27, March 31, and April 12, 2017 and March 31, October 31, and November 6 and 7, 2018. The affidavit shall be accompanied by a signed certification from counsel for Defendants confirming that a reasonable inquiry was made by counsel into the accuracy of the sworn statements, consistent with the Oral Order entered by the District Judge on September 23, 2024. (D.I. 104) Plaintiffs' motion to compel the production of CERT and/or QRT rosters is DENIED in all other respects.

11. Plaintiffs' motion to compel the production of use of force reports and associated documents is DENIED without prejudice.[2] Plaintiffs contend that they requested the production of these reports in requests for production served on May 10, 2022. (D.I. 110-2 at 1) Since then, Plaintiffs have raised multiple discovery disputes regarding the sufficiency of Defendants' production without specifically identifying the use of force reports among the alleged deficiencies. (D.I. 84; D.I. 97; *see also* D.I. 106) Plaintiffs do not explain why they waited three years before raising this alleged deficiency. *See Roe v. Wyndham Worldwide, Inc.*, C.A. No. 18-1525-RGA-SRF, 2023 WL 5348862, at *10 (D. Del. Aug. 21, 2023) (concluding that the plaintiff's year-long delay in identifying deficiencies in the defendants' discovery responses and

---

[2] The Third Circuit stated that Plaintiffs' complaint "lists many defendants that engaged in generalized conduct . . . or many plaintiffs who suffered injuries that were inflicted by unidentified CERT members or JTVCC employees" and that, "[s]tanding alone, these types of broad and conclusory allegations are not sufficient to comply with Rule 8." (D.I. 76-2 at 7) This court subsequently explained that seeking broad discovery is not an appropriate means to correct such deficiencies in the pleading: "Plaintiffs simply cannot meet their burden of demonstrating that the discovery sought is relevant to the case without first clarifying what claims, if any, are still at issue. And discovery on claims which Plaintiffs may ultimately abandon is disproportional to the needs of this case and beyond the scope contemplated by Rule 26." (D.I. 89 at 10)

pursuing the full scope of discovery weighed against granting the motion to compel). Instead, Plaintiffs raise merits arguments which seek adverse inferences regarding Defendants' obligations to document uses of force by correctional officers under DDOC policies. (D.I. 110-2 at 4) These issues fall outside the scope of a motion to compel discovery. Moreover, Defendants have reasonably demonstrated that identifying every use of force report for alleged incidents involving hundreds of parties across 20 dates during an 18-month period would be unduly burdensome at this stage of the case. (D.I. 116 at 7-8) Decisions from this court and the Third Circuit confirm that Plaintiffs should be focused on narrowing, not broadening, the number of Defendants and the scope of discovery. (D.I. 76-2 at 10; D.I. 89 at 10; D.I. 104)

12. Plaintiffs' request for attorneys' fees and costs pursuant to Federal Rules of Civil Procedure 26(g)(3) and 37(a)(5)(A)(ii) is DENIED. Plaintiffs have not demonstrated that Defendants improperly certified their discovery responses under Rule 26(g)(3), and fee shifting under Rule 37(a)(5)(A) is not warranted where, as here, Plaintiffs' motion to compel the production of documents is denied. Defendants' production of documents in late 2024 and early 2025 were made in compliance with court orders issued on September 23, 2024 and February 25, 2025, respectively, and the court finds no basis to sanction Defendants for compliance with those orders. (D.I. 104; D.I. 107)

13. Defendants contend that Plaintiffs failed to satisfy the oral meet and confer requirement of District of Delaware Local Rule 7.1.1 before filing the pending motion to compel. (D.I. 116 at 5-6) Plaintiffs' Local Rule 7.1.1 certification refers to multiple email exchanges with Defendants' counsel from March 27 to April 17, 2025 and specifically states an email was sent on April 4, 2025 requesting a teleconference. (D.I. 110-1) Defendants contend that they made a further production on April 17, 2025, but Plaintiffs did not seek a verbal meet and confer

6

between the date of the production and May 7, 2025, when they filed the instant motion to compel. (D.I. 116 at 5-6)  Plaintiffs do not directly contest this characterization of events and instead allege that all counsel participated in a teleconference on May 12, 2025 to discuss the motion to compel. (D.I. 117 at 5)

**14.** Plaintiffs' course of conduct does not satisfy the requirements of Local Rule 7.1.1, which requires counsel to make "a reasonable effort . . . to reach agreement with the opposing party on the matters set forth in the motion." D. Del. LR 7.1.1.  Local Rule 7.1.1 specifies that " 'a reasonable effort' must include oral communication that involves Delaware counsel for any moving party and Delaware counsel for any opposing party." *Id.*  The record before the court indicates that Plaintiffs identified perceived deficiencies in Defendants' production, and Defendants made efforts to address Plaintiffs' concerns between March 27 and April 17, 2025. (D.I. 110-1; D.I. 116 at 2-3, 5)  Plaintiffs do not identify any oral communication between the parties from Defendants' final production on April 17, 2025 to May 7, 2025, when Plaintiffs filed their third motion to compel.  The parties' teleconference on May 12, 2025 does not satisfy the requirements of Local Rule 7.1.1 because it occurred after Plaintiffs filed their nondispositive motion with the court.  Counsel are advised that, going forward, failure to comply with Local Rule 7.1.1 will result in dismissal of the motion. D. Del. LR 7.1.1.

**15. Conclusion.**  For the foregoing reasons, IT IS ORDERED that Plaintiffs' motion to compel (D.I. 110) is GRANTED-IN-PART as follows:

    **a.** Plaintiffs' motion to compel the production of CERT and/or QRT rosters is GRANTED-IN-PART.  On or before **April 27, 2026**, Defendants shall serve and file an affidavit by a DDOC employee with the requisite knowledge confirming the representations made in Defendants' answering brief regarding

7

the nonexistence of additional CERT or QRT rosters for February 15, March 27, March 31, and April 12, 2017 and March 31, October 31, and November 6 and 7, 2018. The affidavit shall be accompanied by a signed certification from counsel for Defendants confirming that a reasonable inquiry was made by counsel into the accuracy of the sworn statements, consistent with the Oral Order entered by the District Judge on September 23, 2024. (D.I. 104) Plaintiffs' motion to compel the production of CERT and/or QRT rosters is DENIED in all other respects.

b.  Plaintiffs' motion to compel the production of use of force reports and associated documents is DENIED without prejudice.

c.  Plaintiffs' request for attorneys' fees and costs pursuant to Federal Rules of Civil Procedure 26(g)(3) and 37(a)(5)(A)(ii) is DENIED.

16. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

17. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

8