**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROBERT L. ADGER, II, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FORMER COMMISSIONER ROBERT COUPE, *et al.*,<br><br>Defendants. | Civil Action No. 18-2048-GBW-SRF |

# MEMORANDUM ORDER

Magistrate Judge Sherry R. Fallon ("Judge Fallon") issued a Memorandum Order ("Order") (D.I. 132) granting-in-part and denying-in-part Plaintiffs' Third Motion to Compel Discovery ("Plaintiffs' Motion"). Specifically, Judge Fallon denied Plaintiffs' requests to 1) compel Defendants to produce use-of-force reports and related documents, and 2) award Plaintiffs attorneys' fees and costs. Plaintiffs filed objections (D.I. 134), and Defendants filed their response to Plaintiffs' objections (D.I. 137). For the reasons set forth below, Plaintiffs' objections are OVERRULED and Judge Fallon's Order (D.I. 132) is AFFIRMED.

Judge Fallon had authority to rule on Plaintiffs' Motion pursuant to 28 U.S.C. § 636(b)(1)(A). The statute provides that the district court "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Findings of fact are reviewed for clear error and matters of law are subject to plenary review. *Haines v. Ligget Grp. Inc.*, 975 F. 2d 81, 91 (3d Cir. 1992). Only those facts properly presented before the Magistrate Judge will be considered. *Id.* "When a magistrate judge's decision is on a highly discretionary matter . . . the clearly erroneous standard implicitly

becomes an abuse of discretion standard." *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D. Pa. 2004); *St Jude Med. v. Volcano Corp.*, No. 10-631, 2012 WL 1999865, at 1 (D. Del. June 5, 2012). The ruling presently under review was a discretionary determination concerning a discovery dispute.

Plaintiffs object to Judge Fallon's Order, asserting that Judge Fallon erred (1) in declining to compel production of the use-of-force reports based on the timing of Plaintiffs' request, and (2) in ruling that Plaintiffs' request for attorneys' fees fell outside the scope of the motion to compel. D.I. 134 at 3. In their opposition to Plaintiffs' objections, Defendants contend that Plaintiffs' objections are deficient because they fail to identify the applicable standard of review and, to the extent the objections purport to challenge the ruling under a particular standard, the objections apply the wrong standard. D.I. 137 at 2. Defendants assert that the appropriate standard of review for this Court is "abuse of discretion", and Plaintiffs fail to establish that Judge Fallon abused her discretion in reaching her rulings because Judge Fallon carefully considered the parties' arguments and the record before issuing a thorough and well-reasoned Order. *Id.* at 3

The Court agrees with Defendants and finds that Judge Fallon did not abuse her discretion in resolving the discovery dispute. Plaintiffs have not identified any basis to conclude that Judge Fallon's Order was arbitrary, unreasonable, or contrary to applicable law. With respect to the production of use-of-force reports, Judge Fallon relies on the Third Circuit and this Court's prior ruling in this action addressing Plaintiffs' efforts to pursue broad discovery without first clarifying the claims at issue. D.I. 132 at 5. The Court agrees with Judge Fallon that Plaintiffs' arguments concerning the use of force reports create adverse inferences regarding Defendants' obligations to document uses of force, and such issues are beyond the proper scope of a motion to compel discovery. D.I. 110-2 at 4. As this Court previously stated and Judge Fallon emphasized, Plaintiffs

should be focused on narrowing, rather than expanding both the number of Defendants and the scope of discovery.

With respect to Judge Fallon's ruling declining to grant Plaintiffs' request for attorneys' fees and costs against Defendants for alleged "discovery abuses, disregard of court orders, [and] attempting to bury the undersigned in thousand of pages of useless documents" (D.I. 134 at 4), the Court finds no abuse of discretion by Judge Fallon. As Judge Fallon correctly found, Defendants' production of documents in late 2024 and early 2025 complied with the Court's September 23, 2024 and February 25, 2024 Orders. D.I. 132 at 6. Thus, Plaintiffs did not identify any non-compliance with the Court's Orders by Defendants to warrant an award of attorneys' fees or sanctions in Plaintiffs' favor.

For the foregoing reasons, the Court finds that Plaintiffs have not shown that Judge Fallon abused her discretion in resolving the discovery dispute, or in declining to award attorneys' fees and costs to Plaintiffs. Therefore, Plaintiffs' objections are OVERRULED, and the Order is AFFIRMED.

* * * * *

WHEREFORE, at Wilmington this 18th day of August 2026, **IT IS HEREBY ORDERED** that Plaintiffs' Objections (D.I. 134) to Magistrate Judge Sherry R. Fallon's Memorandum Order (D.I. 132) are **OVERULED,** and Magistrate Judge Sherry R. Fallon's Memorandum Order (D.I. 132) is **AFFIRMED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE